IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:12-cr-37 |
| v. | ) |
| | ) |
| HARRISON ARNELL JONES | ) |

MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

Pending before the Court is a *pro se* motion by Defendant Harrison Arnell Jones ("Jones") for early termination of his supervised release. Jones was charged in the underlying proceedings with one count of conspiring to distribute and possess with intent to distribute 28 grams or more of crack, in violation of 21 U.S.C. §846. He pled guilty and was sentenced by former Chief United States District Judge Sean J. McLaughlin to serve 168 months of incarceration, to be followed by five years of supervised release. ECF No. 82. Jones states that he began serving his supervised release on August 1, 2023, making his termination date August 1, 2028.

In support of his motion, Jones represents that he has been working two jobs since January 2022, shortly after he was released from prison and placed on home confinement. He has apparently maintained steady employment since that time both as a personal trainer and as a home health habilitation technician. Jones states that he has been devoted to his family since his release and has been involved in raising his teenage daughter. He has also worked extensively with youth in his community through various coaching, training, and service programs. Jones represents that he will continue working in this manner. He believes he has demonstrated that he

1

is a better person and has had a positive effect on the lives of those he has encountered. ECF No. 143.

Based on these positive developments, Jones requests early termination of his supervised release pursuant to 18 U.S.C. § 3583(e). This statute gives courts the discretion to terminate a period of supervised release prior to its expiration if the court is "satisfied that such action is warranted by the conduct of the defendant ... and the interest of justice." 18 U.S.C. § 3583(e)(1). In exercising its discretion, the court considers various factors laid out in 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). Courts are not required to make specific findings of fact with respect to each of these factors, and a statement that the statutory factors have been considered is sufficient. *Id.* at 52-53.

Unlike imprisonment, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012) (internal quotation marks and citation omitted). Accordingly, when considering a modification or termination of supervised release, the court, pursuant to §3583(e) does not consider the sentencing factors outlined in § 3553(a)(2)(A), namely: the need for the sentence imposed "to reflect the seriousness of the offense, to promote

respect for the law, and to provide just punishment for the offense." *Esteras v. United States*, 606 U.S. 185, 195-97, 204 (2025).

Notably, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. Stated differently, "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination." *Id.* (emphasis in the original). But "*[g]enerally,* early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* (alteration and emphasis in the original; internal quotation marks and citations omitted). "That is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.*

The defendant bears the burden of establishing that early termination of his supervised release is merited. *United States v. Allston*, Crim. A. No. 99-409, 2021 WL 4262315, at *2 (E.D. Pa. Sept. 20, 2021) (citing *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989)). Here, the Government contends that Jones has not met that burden. It points to the sentencing judge's observation that Jones had "built up somewhat of a network" to sell drugs. *See* ECF No. 99 at 31. The Government also cites Jones's prior involvement in the criminal justice system and his recidivism as factors that do not support his request for early termination. Further, the Government states that continued supervision is necessary in order to effectuate ongoing drug testing and treatment, if needed. Finally, the Government argues that granting Jones's motion would result in a sentencing disparity for other similarly situated defendants.

3

After consideration of all the Section 3553(a) factors, the Court finds that the interests of justice do not support early termination of Jones's supervised release. As part of his plea agreement, Jones admitted responsibility for conspiring to distribute 40.8 grams of crack cocaine. Judge McLaughlin described Jones, at the time of his sentencing, as a "recidivist drug dealer" who "created a façade of respectability and continued his drug dealing." ECF No. 99 at 33-34. Jones's criminal history involves prior violations while on state probation. These factors counsel in favor of continued supervision.

Jones also has a personal history of drug use; consequently, drug monitoring is a condition of his supervised release. While Jones has thus far tested negatively for drug use, he is only about halfway through his term of supervision. The importance of continued drug monitoring and the Court's authority to impose treatment, if necessary, are factors that also weigh in favor of continued supervision.

The Court further notes that, at the time of Jones's sentencing, the Probation Office had determined that Jones's advisory Sentencing Guideline range called for 188 to 235 months of incarceration in light of his stipulation that he qualified as a Career Offender. Notwithstanding this stipulation, Judge McLaughlin determined that the Career Offender designation overrepresented Jones's criminal status. Judge McLaughlin therefore granted Jones a one-level departure from Criminal History Category VI to Category V, which resulted in a reduced guideline range of 168 to 210 months of incarceration. He then imposed a sentence at the lowest end of that range, requiring Jones to serve 168 months of incarceration. Any additional reduction of Jones's sentence would result in a disparity between Jones and other similarly situated defendants. These considerations further weigh against early termination of Jones's supervised release.

Finally, the Court notes that Jones has not claimed any particular burden relative to his conditions of release. Jones's compliance to date with the conditions of his release, his diligence in maintaining continued employment, his devotion to his family, and his involvement with his community are highly commendable and encouraging signs. However, these are insufficient grounds to warrant early termination of his court-imposed supervision.

For these reasons, Jones's motion will be denied. An appropriate Order follows.

SUSAN PARADISE BAXTER
United States District Judge